1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   CENTER FOR BIOLOGICAL DIVERSITY,
    et al.,
10                                              No. C 08-05646 JSW
            Plaintiffs,
11
      v.
12                                              **ORDER GRANTING**
    U.S. BUREAU OF LAND MANAGEMENT,             **DEFENDANTS' MOTION TO**
13  et al.,                                     **DISMISS FOR IMPROPER**
                                                **VENUE OR TO TRANSFER**
14          Defendants.
                                         /
15

16          Now before the Court is Defendants' motion to dismiss for improper venue or to

17  transfer.  This motion is fully briefed and ripe for decision.  The Court finds this motion is

18  suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the

19  hearing set for April 24, 2009, is VACATED.  Having carefully considered the parties'

20  arguments and the relevant legal authority, the Court hereby GRANTS Defendants' motion to

21  remand to dismiss for improper venue or to transfer.[1]

22                               **BACKGROUND**

23          In this action, plaintiffs Center for Biological Diversity, Sierra Club, and California

24  Wilderness Coalition (collectively, "Plaintiffs") challenge the United States Bureau of Land

25  Management's adoption of the Coachella Valley Plan amendment to the California Desert

26  Conservation Area ("CDCA") Plan.  Plaintiffs contend that defendants United States Bureau of

27  Land Management, the Secretary of the Interior, Ken L. Salazar, acting in his official capacity,

28  and the Fish and Wildlife Service (collectively, "Defendants") did not comply with the Federal

_____

[1] The Court DENIES Plaintiffs' administrative motion for leave to file a sur-reply.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 1701-1785, Executive Orders, the

2  Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, the National Environmental Policy

3  Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*, and the Administrative Procedure Act ("APA"), 5

4  U.S.C. §§ 107-706.

5        The Coachella Valley Plan governs a range of real property issues, including access to

6  public and private lands, rights of way and easements across these lands, land withdrawals, and

7  land exchanges and acquisitions.  The Coachella Valley Plan area contains nearly 1.2 million

8  acres of land of which 330, 416 acres are subject to the management of United States Bureau of

9  Land Management.  Plaintiffs challenge, in particular, the decisions regarding the use and

10  maintenance of Dunn Road in the Coachella Valley Plan.  (Compl., ¶ 2.)

11        Defendants move to dismiss this action for improper venue pursuant to Federal Rule of

12  Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(e) or, in the alternative, to transfer this case to

13  the United States District Court for the Central District of California pursuant to 28 U.S.C. §

14  1404(a).

15                                    **ANALYSIS**

16  **B.        Applicable Legal Standards.**

17        Defendants move to dismiss this action based on improper venue. Venue is proper in an

18  action against an agency of the United States or an officer or employee of the United States

19  acting in his official capacity in any judicial district in which (1) the defendant resides, (2) a

20  substantial part of the events or omissions giving rise to the claim occurred or a substantial part

21  of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real

22  property is involved in the action.  28 U.S.C. § 1391(e).  If venue is improper, a district court

23  has discretion to either dismiss the action, or in the interest of justice, transfer the action to a

24  district in which it could have been brought.  28 U.S.C. § 1406(a).

25        Plaintiffs rely on § 1391(e)(3) to establish venue because two of the three Plaintiffs

26  reside in the Northern District of California.  Plaintiffs' residency is not in dispute.  What is in

27  dispute is whether real property is involved in this action.  The Ninth Circuit has not addressed

28  the meaning of "real property" in § 1391(e)(3).  The court in *Ferguson v. Lieurance*, 565 F.

1    Supp. 1013 (D. Nev. 1983) addressed the meaning of the term "real property."  The court held

2    that "an action involves real property if is a suit involving the protection or recovery of real

3    property or an estate therein."  *Id.* at 1015.  Moreover, the touchstone for applying this

4    provision of § 1391 "cannot sensibly be whether real property is marginally affected by the case

5    at issue.  Rather the action must center directly on the real property, as with actions concerning

6    the right, title or interest in real property."  *Id.* (quoting *Natural Resource Defense Council v.*

7    *TVA*, 340 F. Supp. 400, 406 (S.D.N.Y. 1971)).  In the complaint before the court, the plaintiff

8    alleged that the Bureau of Land Management improperly rejected his oil and gas lease

9    applications.  In finding that the action involved real property, the court reasoned that:

10       The proposition that an action for declaratory relief to hold void and
         unenforceable any statutes, rules, regulations or practices which prescribe
11       essential preliminary steps or procedures to initiate entry on the public lands of
         the United States under the public land laws is not an action involving real
12       property is a legal sophistry. The obvious and undeniable purpose of such an
         action is to place the public officials in a position which will require them to
13       accept applications, issue permits, grant entry, or whatever, to the end that
         plaintiff will acquire the real property interest he seeks. Such an action does
14       involve real property.

15   *Id.* at 1015.

16       The Court finds the cases Plaintiffs rely on are not persuasive.  In *Santa Fe International*

17   *Corp. v. Watt*, 580 F. Supp. 27 (D. Del. 1984), the plaintiffs were challenging the validity of an

18   order involving 380 oil and gas leases.  The administrative order denied the plaintiffs, who were

19   corporations "ultimately owned" by a Kuwaiti corporation owned by the sovereign nation of

20   Kuwait, the right to continue to participate in the leases which were located throughout the

21   United States.  *Id.* at 28.  The order that the plaintiffs challenged held that the laws, customs or

22   regulations of Kuwait deny similar privileges to citizens of United States, and thus, that citizens

23   of Kuwait may not own interests in petroleum leases or permits issued under the Mineral Lands

24   Leasing Act of 1920.  *Id.*  The Court recognized that the pivotal issue in the case was the

25   validity of the federal agency's determination regarding the alien qualification provision of the

26   Mineral Lands Leasing Act.  *Id.* at 30.  Resolution of this issue only required expertise in

27   administrative law and perhaps foreign law and did not involve questions of a peculiarly local

28   nature or knowledge of state or federal mineral rights law.  *Id.*  Therefore, the court found that

United States District Court

For the Northern District of California

1   the case was "divorced from any substantial concern relating to the leasing of particular local

2   lands." *Id.* at 31.  Accordingly, under those circumstances, the court held that real property was

3   only tangentially involved.  *Id.*

4          The court in *Ashley v. Andrus*, 474 F. Supp. 495 (E.D. Wis. 1979), employed similar

5   reasoning.  In that case, the Bureau of Land Management determined that an oil and gas lease

6   awarded through a lottery was invalid because the applicant had died before the lottery was

7   conducted.  *Id.* at 496.  The applicant's widow, who would have inherited the oil and gas lease

8   if it were valid, was challenging this determination.  The court held that real estate was only

9   peripherally involved.  *Id.* at 497.

10         In *Environmental Defense Fund, Inc. v. Corps of Engineers of U.S. Army*, 325 F. Supp.

11  728, 732 (E.D. Ark. 1971), although the court found it a "very close" question, the court held

12  that an action challenging the construction of a dam under various environmental statutes was

13  not action in which real property was involved.

14         In contrast to *Santa Fe*, *Ashley*, and *Environmental Defense Fund*, this action directly

15  concerns the management of lands under the FLPMA and the Bureau of Land Management's

16  adoption of a land use plan for a large area of property located within the Central District of

17  California.  The Court finds the reasoning of *Ferguson* persuasive and finds that the proposition

18  that this action challenging Defendants' adoption of Coachella Valley Plan is not an action

19  involving real property would be "legal sophistry."  Accordingly, the Court finds that this action

20  involves real property and, thus, that venue is improper.

21         It is undisputed that this action could have been filed in the Central District of

22  California.  Accordingly, the Court exercises its discretion to transfer this case to the United

23  States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) rather

24  than dismiss it.

### CONCLUSION

26         For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for

27  improper venue, or to transfer.  This action is HEREBY TRANSFERRED to United States

28  District Court for the Central District of California.  The Court declines to order that this case

4

be assigned to a particular division or judge within the Central District.  The Clerk is directed to transfer this case forthwith.

**IT IS SO ORDERED.**

Dated: April 14, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

5